## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO.: 13-cv-62019-KAM

SCOTT BARR, DDS, on behalf of itself
and others similarly situated,

      Plaintiff,

v.

THE HARVARD DRUG GROUP, LLC, d/b/a
EXPERT-MED, a Michigan corporation,

      Defendant.

_____/

## ORDER AND OPINION

This cause is before the Court upon Defendant's Motion to Dismiss (DE 19). The Motion is ripe for review. For the reasons stated below, the Court **GRANTS** Defendant's Motion to Dismiss (DE 19).

**I. Background**

Plaintiff filed a Class Action Complaint alleging that on April 30, 2013 Defendant sent or caused to be sent to Plaintiff a facimile advertisement without the proper opt-out notice in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and that Defendant's entire standardized facimile campaign violated the TCPA. (DE 1). Plaintiff is seeking statutory damages, an injunction, and attorney's fees and costs. (DE 1).

On November 27, 2013 at 11:12 a.m., Defendant served an offer of judgment on Plaintiff's attorneys by e-mail. (DE 19-2). On the same day, Defendant's counsel sent the offer of judgment to Plaintiff's attorneys' office via UPS Next Day Air service. *Id.* The UPS tracking information provides that the package was ready for UPS pick up on November 27, 2013 at 12:40 p.m., and that

the package was picked up at 5:40 p.m.  *Id.*  Defendant offered to pay $1,500.00 for each and every

unsolicited violation of the TCPA, plus any costs and reasonable attorney's fees to be determined

by the Court.  *Id.*  Additionally, Defendant agreed to  entry of a stipulated injunction, and to  entry

of a judgment against it.  *Id.*

On November 27, 2013 at 3:25 p.m., Plaintiff filed a Motion for Class Certification (DE 13).

On December 11, 2013, Plaintiff rejected Defendant's offer.  (DE 19-3).  Defendant argues that this

Court lacks jurisdiction because Defendant offered Plaintiff all the relief to which Plaintiff was

entitled, and that no controversy between the parties remains.  Plaintiff disagrees arguing that the

Motion for Class Certification was filed first, and, therefore, a controversy still exists.

## II. Legal standard applicable to the motion to dismiss

The Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject

matter jurisdiction.  The Eleventh Circuit has said:

> Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two
> forms. 'Facial attacks' on the complaint 'require[ ] the court merely to look and see
> if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the
> allegations in his complaint are taken as true for the purposes of the motion' . . .
> 'Factual attacks,' on the other hand, challenge 'the existence of subject matter
> jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings,
> such as testimony and affidavits, are considered.'

*Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (citations omitted).

When the attack is facial, the standard is similar to the one employed under Rule 12(b)(6),

and all well-pleaded allegations in the complaint are taken as true.  *Id.*  When the attack is factual,

the court may go beyond the pleadings and can weigh the evidence.  *Id.*  Here, Defendant relies on

facts outside of the pleadings.  Therefore, the attack is factual, and the Court may consider and weigh

evidence.

The significance of Article III's justiciability requirements is well-established:

Article III, § 2, of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies," which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies. In order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or "personal stake," in the outcome of the action. This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved.

A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during litigation, the action can no longer proceed and must be dismissed as moot.

*Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013).

The Eleventh Circuit has not yet ruled whether an offer of full requested relief, including entry of a judgment, eliminates an actual controversy between the parties and deprives a federal court of subject matter jurisdiction. *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) cert. denied, 133 S. Ct. 2337 (2013) (not reaching this issue and noting that the Circuit Courts are split); *Neurocare Inst. of Cent. Florida, P.A. v. Healthtap, Inc.*, 6:13-CV-1228-GAP-GJK, 2014 WL 1236062 (M.D. Fla. Mar. 25, 2014) (finding that a motion for class certification filed timely under the local rules related back to the date of the filing of the complaint, and that the offer of judgment did not moot the claims). This Court follows the Seventh Circuit, which has held that an offer of full requested relief moots the case. *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir. 2011); *Brown v. Kopolow*, No. 10-80593-CIV, 2011 WL 283253, at *2 (S.D. Fla. Jan. 25, 2011); *Keim v. ADF MidAtlantic, LLC,* 12-80577-CIV, 2013 WL 3717737, at *8 (S.D. Fla. 2013); *see also Krzykwa v. Phusion Projects, LLC*, 920 F. Supp. 2d 1279, 1282 (S.D. Fla. 2012); *Barr v. International Dental Supply Co.*, 13-61981, Order Granting Motion to Dismiss (DE 24) (S.D. Fla. Mar. 28, 2014).

While the presence of class allegations in the complaint does not save a claim from mootness

after named plaintiff's claim is satisfied, a pending motion for class certification filed before the offer of full relief is tendered may do so. *Keim*, 2013 WL 3717737, at *8. However, a motion for class certification filed after an offer of judgment under the Federal Rule of Civil Procedure 68[1] had been made does not restore the controversy and the court's jurisdiction. *Id.*, at *9.

## III. Discussion

"The TCPA allows a party to sue to recover 'its actual monetary loss' or 'to receive $500 in damages' per violation. 47 U.S.C. § 227(b)(3)(B). A party may also sue to enjoin violations of the statute. 47 U.S.C. § 227(b)(3)(A), (C). If the plaintiff establishes that the violations were willing or knowing, the plaintiff is entitled to treble damages. 47 U.S.C. § 227(b)(3)." *Buslepp v. B&B*

---

[1]Rule 68 provides:

(a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

(b) Unaccepted Offer. An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.

(c) Offer After Liability is Determined. When one party's liability to another has been determined but the extent of liability remains to be determined by further proceedings, the party held liable may make an offer of judgment. It must be served within a reasonable time--but at least 14 days--before the date set for a hearing to determine the extent of liability.

(d) Paying Costs After an Unaccepted Offer. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68.

*Entertainment*, No. 12-60089-CIV, 2012 WL 4761509, at *2 (S.D. Fla. Oct. 5, 2012).

Here, Plaintiff does not argue that Defendant did not offer full requested relief.  However, Plaintiff argues that because service by e-mail is invalid, Plaintiff's Motion for Class Certification was filed first.  Therefore, Plaintiff contends that even if named Plaintiff's claim is satisfied, the case is not moot.

Federal Rule of Civil Procedure 5 states that if a party is represented by an attorney service must be made on the attorney. Fed. R. Civ. P. 5(b)(1).  Further, a "paper" is served under Rule 5 if it is sent "by electronic means if the person consented in writing--in which event service is complete upon transmission."   Fed. R. Civ. P. 5(b)(2)(E).   The Southern District of Florida's attorneys' CM/ECF[2] Registration Agreement states that:

> By submitting this registration form, the undersigned agrees to abide by the following rules:
> . . .
> 4. Each attorney desiring to file pleadings or other papers electronically must complete and sign an Attorney Registration Form.   Registration as a Filing User constitutes: (1) consent to receive notice electronically and waiver of the right to receive notice by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2)((D).

(DE 19-5).

Moreover, this consent to receive notices electronically has been held applicable to notices the attorneys send between themselves, and do not file with the Court.  *Deer v. Saltzman, Tanis, Pittell, Levin & Jacobson, Inc.*, 10-61588-CIV, 2011 WL 1526829 (S.D. Fla. 2011) report and recommendation adopted, 10-61588-CIV, 2011 WL 1532064 (S.D. Fla. 2011) (finding that pre-filing e-mail service on plaintiff's counsel of a Rule 11 motion was valid and that defendants complied with the Rule's safe harbor provision).

---

[2]CM/ECF is the acronym for "Case Management/ Electronic Case Files."

Lastly, Rule 68 directs the party making an offer of judgment to serve the offer on the opposing party. Fed. R. Civ. P. 68(a). Only if the offer is accepted, either party may file it along with the notice of acceptance and proof of service on the Court's docket.[3] *Id.* Thus, the offer of judgment may not be filed in the Court's CM/ECF system when it is made.

In this case, Defendant served its Rule 68 offer by e-mail on Plaintiff's attorneys on November 27, 2013 at 11:12 a.m. The offer could not have been filed with the Court at that time. Plaintiff's attorneys do not dispute that they have agreed to receive electronic notifications of filings made with the Court. Thus, finding e-mail service to be invalid in these circumstances would, in effect, penalize Defendant for following the requirements of Rule 68. Because service by e-mail was valid, and because Plaintiff filed his Motion for Class Certification only after the offer of full requested relief had been made, Defendant's offer eliminated any case or controversy on the merits of Plaintiff's claim. Thus, this Court lacks subject matter jurisdiction over this case, except as to enforce the offer of judgment.

## IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE 19) is **GRANTED**. All other pending motions are **DENIED AS MOOT**. The Clerk of Court shall **CLOSE** this case. The Court retains jurisdiction solely to award cost and attorney's

---

[3] However, an "[unaccepted] Rule 68 offer can be used to show that the court lacks subject-matter jurisdiction." *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 574 (6th Cir. 2009).

fees pursuant to the offer of judgment.

       **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida,

this 11th day of June, 2014.

 

 

                                      _____

                                      KENNETH A. MARRA
                                      United States District Judge