UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:13-cv-62019-KAM

SCOTT BARR, DDS, on behalf of himself and all
others similarly situated,

                                                                                                **CLASS ACTION**

            Plaintiff,

    v.

THE HARVARD DRUG GROUP, LLC, d/b/a
EXPERT-MED, a Michigan corporation,

            Defendant.
_____/

**ORDER**

THIS CAUSE comes before the Court upon Plaintiff, Scott Barr, DDS's ("Plaintiff") Unopposed Motion and Supporting Memorandum for Preliminary Approval of Class Action Settlement (the "Motion"). After careful consideration of the Motion and the record, including the Settlement Agreement and Release and its exhibits (the "Settlement Agreement") submitted with the Motion, it is **ORDERED, ADJUDGED AND DECREED** that the Motion (DE 59) is hereby **GRANTED** as follows:

**Preliminary Approval of the Proposed Settlement**

1. The Court has jurisdiction over the subject matter of this Action, and over Plaintiff and Defendant, The Harvard Drug Group, LLC, d/b/a Expert-Med ("Defendant")(collectively, the "Parties"), and the Settlement Class.[1]

2. The Settlement Agreement, and its terms and conditions, are incorporated by reference into this Order as if fully set forth in this Order.

---

[1] Capitalized terms not otherwise defined in this Order have the meanings assigned to them in the Settlement Agreement.

- 2 -

3. The Court preliminarily approves the proposed Settlement and the Settlement Agreement. The Court finds that: (a) the proposed Settlement resulted from extensive arm's-length negotiations and was concluded only after Class Counsel had duly investigated the issues raised by Plaintiff's claims; (b) the proposed Settlement of this Action makes available valuable consideration; and (c) the proposed Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable and adequate to warrant providing notice of this Action and the proposed settlement to the Class Members and holding a full hearing on the proposed settlement.

**Preliminary Certification of the Settlement Class**

4. For purposes of settlement of this Action only, and pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies the following Settlement Class:

> All persons in the United States from April 30, 2009 to April 30, 2013 to whom The Harvard Drug Company, LLC d/b/a Expert-Med ("HARVARD" or "Defendant") sent or caused to be sent a facsimile advertisement that promoted the commercial availability or quality of any property, goods, or services in the form of, or similar to, the document attached as Exhibit A to the Complaint. Excluded from the Class are: Defendant, any parent, subsidiary, affiliate, officers, directors, and employees of Defendant, and members of the federal judiciary.

5. The Court further finds that for purposes of settlement only (and only for such purposes, and without an adjudication of the merits or a determination of whether a class should be certified if the settlement is not approved or otherwise does not become final), that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and 23(b)(3) have been preliminarily satisfied in that: (a) the Settlement Class appears to be so numerous that joinder of all members is impracticable; (b) there appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the proposed Settlement should be approved; (c) Plaintiff's claims appear to be typical of the claims being resolved through the proposed Settlement; (d) Plaintiff appears to be capable of fairly and adequately protecting the

interests of the Class Members in connection with the proposed Settlement; (e) for purposes of determining whether the Settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual Class Members; and (f) for purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Class Members.  In making these findings, the Court also notes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented in this case. *See Amchem Products, Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997).

6. The Court further finds, for purposes of settlement only, that:  (a) Class Members likely have a limited interest in individually prosecuting the claims at issue; (b) the Court is satisfied with the Parties' representations that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (c) it is desirable to concentrate the claims in this forum; and (d) it is unlikely that there will be difficulties encountered in administering the proposed Settlement.

7. Pursuant to Federal Rule of Civil Procedure 23 and for settlement purposes only, Plaintiff Scott Barr, DDS is preliminarily designated as Class Representative for the Settlement Class and Seth Lehrman, Steven R. Jaffe, Mark S. Fistos, Scott D. Owens and Patrick C. Crotty are preliminarily designated as Class Counsel.

8. The Court recognizes that, pursuant to the Settlement Agreement, The Harvard Drug Group, LLC, d/b/a Expert-Med retains the right to dispute that a class may be properly certified in this Action, or that a class is reasonably ascertainable, should the proposed Settlement not be finally approved.  The foregoing determinations regarding class certification are for purposes of settlement only.  Accordingly, preliminary certification of the Settlement

Class shall not be deemed a concession that certification of a litigation class is appropriate, nor is The Harvard Drug Group, LLC, d/b/a Expert-Med precluded from challenging class certification in further proceedings in this Action or in any other Action or proceeding if the proposed Settlement is not finalized or finally approved.  If the proposed Settlement is not finally approved for any reason, the certification of the Settlement Class shall be void and vacated, and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to any Party to either request or oppose class certification.

9. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, if (a) the proposed Settlement is not finally approved by the Court, or the Final Judgment does not occur, or (b) the Settlement Agreement is terminated in accordance with its terms, either automatically or by a Party.  In such event, the Settlement shall be deemed null and void from its inception and the Parties will be restored to their respective positions in the Action prior to this Agreement without any penalty or sanction.  Moreover, the terms and provisions of the Settlement Agreement will have no further force and effect with respect to the Parties and will not be used in the Action or in any other proceeding for any purpose; all communications and documents related to the Settlement will be subject to Federal Rule of Evidence 408 and all other applicable settlement, negotiation and mediation privileges.

**Notice and Administration**

10. The Court hereby approves the Parties' retention of Garden City Group ("GCG") to perform the duties of the Settlement Administrator as set forth in the Settlement Agreement, including providing Notice to Class Members, to perform such other functions and duties as set forth in the Settlement Agreement, and to provide such other administration services as are reasonably necessary to facilitate the proposed Settlement.

- 5 -

11. Having considered, among other factors, (a) the cost of giving notice by various methods, (b) the resources of the Parties, (c) the stake of each Class Member, and (d) the possibility that certain members might desire to exclude themselves from the Settlement Class, the Court finds that notice given in the form and manner provided in the Settlement Agreement is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the Class Members: (i) of the pendency and nature of this Action, (ii) of the definition of the Settlement Class preliminarily certified; (iii) of the class claims, issues, and defenses of the Action, and the terms of and relief provided by the proposed Settlement; (iv) of the right to appear and object to the proposed Settlement; (v) of the right to exclude themselves from the Settlement Class; (vi) of the time and manner for requesting exclusion from or objecting to the Settlement Class; and (vii) that any judgment will bind all Class Members who do not timely and properly exclude themselves from the Settlement Class and that all Class Members will release their claims against the Released Parties. The Court further finds that the proposed Notice methods, texts and methodology are reasonable, that they constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States (including Due Process), and any other applicable rules or law.

12. The Court hereby approves the form, content and requirements of the Mailed Notice and Publication Notice attached as Exhibits B and C to the Settlement Agreement. The Settlement Administrator shall cause the Mailed Notice and Publication Notice to be sent or published within thirty (30) days following entry of this Order.

13. The Court also approves the form, content and requirements of the Website Notice. Within thirty (30) days following the entry of this Order, the Settlement Administrator

shall establish and oversee a Settlement Website as required by the terms of the Settlement Agreement.  The Settlement Website shall not include any advertising, and shall not bear or include Defendant's logos or trademarks, or the logos or trademarks of any parent, subsidiary, or sister company of Defendant.

14. The Settlement Administrator shall also establish a toll-free number for receiving calls related to the Settlement.  The toll-free number shall remain open and accessible through Final Judgment.

15. Class Counsel shall, prior to the Final Approval Hearing, file proof that the Notice was provided in accordance with the terms of the Settlement Agreement and this Order.

16. To receive monetary benefits under the Settlement Agreement, Class Members must complete and timely submit a Valid Claim Form in accordance with the terms of the Settlement Agreement.  The Court hereby approves the form and content of the Claim Form attached as Exhibit D to the Settlement Agreement.

17. All costs of providing notice to the Settlement Class, processing Claim Forms and administering distributions from the Settlement Fund, and all other expenses relating to administration of the proposed Settlement, shall be paid out of the Settlement Fund as provided by the Settlement Agreement.

**Exclusion / "Opt Outs"**

18. Class Members shall be bound by all determinations and orders pertaining to the proposed Settlement, including the release of all claims to the extent set forth in the Settlement Agreement unless such potential members of the Settlement Class request exclusion ("Exclusion Request") from the Settlement Class in a timely and valid manner, as provided in the Settlement Agreement.

- 7 -

19. To be valid, an Exclusion Request must be received or postmarked within ninety-five (95) days of this Order and (a) include the name and number of this Action, (b) include the person's name, address, telephone number, and fax number, (c) be signed by the member of the Settlement Class, and (d) contain a statement that indicates a desire to be excluded from the Settlement Class in this Action, such as "I hereby request that I be excluded from the proposed Settlement Class in the Barr v. Harvard Drug Action."

20. Class Members who do not properly and timely submit an Exclusion Request shall be considered a Class Member and will be bound by the Settlement Agreement and the Final Approval Order to be entered following the Final Approval Hearing even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Released Parties relating to the Released Claims as set forth in the Settlement Agreement. "Mass" or "class" opt-outs or Exclusion Requests shall not be allowed. No member of the Settlement Class, or any person acting on behalf of or in concert or participation with any member of the Settlement Class, may exclude any other Class Member from the Settlement.

21. The Settlement Administrator shall promptly provide counsel for the Parties with copies of any requests for exclusion. Plaintiff shall file a list of all potential members of the Settlement Class who have opted out with the Court no later than seven (7) days prior to the Final Approval Hearing.

**<u>Objections</u>**

22. Any Class Member who has not previously opted out in accordance with the terms of this Order and the Settlement Agreement may object to the proposed Settlement, the application of Class Counsel for an award of attorneys' fees and costs, the request for an incentive award to Plaintiff, and/or the request for cy pres award designation, by filing a written

Objection in a valid and timely manner as set forth in the Settlement Agreement.  Any Objection must be (1) filed with the Court or mailed to the Clerk of the Court, and (2) mailed to Class Counsel and counsel for Defendant.  The objection must be filed with the Court and postmarked within ninety-five (95) days following entry of this Order.

23. To be valid, the Objection must set forth (a) the name and case number of this Action, (b) the Class Member's name, address, telephone number, facsimile number, (c) all arguments, citations and evidence supporting the Objection, and (d) a statement of whether the objector intends to appear at the Final Approval Hearing with or without counsel.  Objectors may, but need not, attend the Final Approval Hearing, either individually, or through counsel, for their Objection to be considered.  Any Objection must provide information sufficient to allow the Parties to confirm that the person submitting the Objection is a Class Member.

24. Any Class Member objecting to the Settlement who does intend on appearing at the Final Approval Hearing shall file with the Court a Notice of Intention to Appear at the Final Approval Hearing within ten (10) days prior to such hearing.  Any responses to Objections shall be filed with the Court at least five (5) days in advance of the Final Approval Hearing.

25. Any Class Member who does not provide a written Objection in the manner described in the Settlement Agreement and this Order shall be deemed to have waived any Objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement, the plan of allocation, or any award of any attorneys' fees and/or incentive award by appeal, collateral attack or otherwise.

26. The Parties may depose any objector and obtain discovery from any objector.

- 8 -

609334328.1

**Final Approval Hearing**

27.    The Final Approval Hearing pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before United States District Judge Kenneth A. Marra, 701 Clematis Street, Courtroom #4, West Palm Beach, Florida on November 18, 2016 at 9:30 a.m. for the following purposes:

(a)    to finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23(a) and (b) are met;

(b)    to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)    to resolve any Objections to the Settlement, if any;

(d)    to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Class Members from further pursuing claims released under the Settlement Agreement and that this Action should be dismissed with prejudice;

(e)    to consider the application for an award of attorneys' fees and costs of Class Counsel;

(f)    to consider the application for an incentive award to the Class Representative;

(g)    to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement;

(h)    to consider any *cy pres* award designation; and

(i)    to consider and rule upon such other matters as the Court may deem appropriate.

28. Submissions in support of final approval of the proposed Settlement and the Settlement Agreement, the incentive award to the Class Representative and Class Counsel's application for an award of attorneys' fees, costs and expenses shall be filed with the Court no later than ten (10) days prior to the deadline for submitting any Objection to the Settlement. The Final Approval Hearing may be postponed, adjourned, or continued by Court order without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Class Members with respect to the Released Claims being settled.

29. Class Members who are not objecting to the proposed Settlement do not need to appear at the Final Approval Hearing or take any other action to indicate their approval of the proposed Settlement.

**Injunction**

30. Pursuant to 28 U.S.C. § 1651 and Federal Rule of Civil Procedure 23, the Court hereby bars and enjoins Plaintiff and all potential members of the Settlement Class, and any person or entity acting on behalf of any potential Class Member, either directly, representatively, or in any other capacity, unless and until they have timely and properly excluded themselves from the Settlement Class, from: (a) commencing, continuing, intervening in, participating in, or prosecuting against Defendant any action or proceeding in any court or tribunal asserting any of the Released Claims; or (b) organizing any potential Class Members into a separate class for purposes of pursuing as a purported class action any action or proceeding in any court or tribunal, including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action based on or relating to the claims and causes of

actions, or the facts and circumstances relating thereto, in this Action and/or any claims released by the Settlement Agreement. This injunction is necessary to protect and effectuate the Settlement contemplated thereby, this Order, and the Court's flexibility and authority to effectuate the Settlement Agreement and to enter the Final Approval Order when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

**Further Matters**

31. All discovery and other pretrial proceedings in between Plaintiff and Defendant in this Action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and comply with this Order.

32. No discovery with regard to the Settlement Agreement or the proposed Settlement and its administration shall be permitted by any Class Member or any other person, other than as may be directed by the Court.

33. The Court retains jurisdiction to consider all further matters arising out of or connected with the proposed Settlement.

**DONE and ORDERED** in Chambers at West Palm Beach, Florida, this 21st day of July, 2016.

KENNETH A. MARRA
United States District Judge

cc: All Counsel of Record