## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement" or "Settlement" or "Settlement Agreement") is made by and among Plaintiff Scott Barr, DDS ("Plaintiff"), on behalf of himself and the class of persons he seeks to represent, and Defendant The Harvard Drug Group, LLC, d/b/a Expert-Med ("Defendant" or "HARVARD"), with reference to the following facts. Plaintiff and Defendant are sometimes referred to herein as a "Party" or collectively as the "Parties."

## RECITALS

A.    On September 17, 2013, Plaintiff Barr initiated a civil action entitled *Barr v. The Harvard Drug Group, LLC, d/b/a Expert-Med*, bearing Civil Case Number 0:13-cv-62019-KAM, in the United States District Court for the Southern District of Florida (the "Court") by filing a complaint seeking statutory damages and injunctive relief against HARVARD for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA") (the "Complaint" or "Action").   In the Complaint, Plaintiff Barr alleged that HARVARD transmitted advertisements by facsimile to Plaintiff and other similarly situated persons to promote HARVARD's sales of its property, goods or services. Plaintiff further alleged that HARVARD did not obtain Plaintiff's prior express invitation or permission to send this fax advertisement and that the subject fax did not contain certain disclosures that are required by the federal regulations that implement the TCPA.  Defendant denied and continues to deny these allegations.

B.    On November 27, 2013, Defendant HARVARD made a written offer of settlement and judgment to Plaintiff pursuant to Rule 68.  Barr rejected the settlement offer.

C.    On December 24, 2013, HARVARD moved to dismiss the action for lack of

subject matter jurisdiction based on its unaccepted Rule 68 offer and alternatively sought to stay the action pending resolution of an Eleventh Circuit appeal and Federal Communications Commission ("FCC") petition. DE 19.

        D.      Plaintiff opposed Defendant's motion to dismiss. DE 22.

        E.      The parties engaged in discovery in this litigated matter.  On March 31, 2014, Plaintiff propounded interrogatories, requests for production and requests for admissions to Defendant.

        F.      On May 19, 2014, Defendant responded to Plaintiff's initial written discovery.

        G.      On June 11, 2014, the Court dismissed the case for lack of subject matter jurisdiction, holding that Plaintiff's claims were moot because of the Rule 68 offer of settlement and judgment. DE 27.

        H.      Plaintiff appealed the dismissal to the U.S. Court of Appeals for the Eleventh Circuit Court. DE 28.  The Parties fully briefed the appeal.

        I.      On January 29, 2015, the U.S. Court of Appeals for the Eleventh Circuit Court entered an order and judgment reversing the Court's dismissal of the action.

        J.      On March 27, 2015, Defendant filed a petition for a writ of certiorari in the Supreme Court of the United States and thereafter filed a Reply in Support of Petition for Writ of Certiorari, asking that the petition be granted or held pending a decision on the merits in *Campbell-Ewald Company v. Gomez*, No. 13-857, which involved the same issues.

        K.      On December 7, 2015, the Court stayed and administratively closed the instant case pending the Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*.

        L.      On January 20, 2016, the Supreme Court of the United States ruled in *Campbell-Ewald*, No. 14-857 that an unaccepted offer of judgment under Fed. R. Civ. P. 68 does not moot

a plaintiff's case.

M.     On January 25, 2016, the Supreme Court of the United States entered an Order denying certiorari in this action.

N.     On January 27, 2016, the Court lifted the stay and reopened the instant action (DE53) at Plaintiff's request (DE 48).

O.     Plaintiff resumed discovery in the instant action, including multiple discussions and exchanges with Defendant's counsel concerning the timing and scope of Plaintiff's intended Rule 30(b)(6) deposition of Defendant.

P.     In March and April 2016, the parties' counsel conducted preliminary settlement discussions by telephone and email.

Q.     On May 2, 2016, the Parties participated in mediation with Cori Flam Meltzer of CFM Mediation, LLC.  At mediation, the parties reached an agreement to settle the instant Action on a class-wide basis.

R.     Plaintiff and Class Counsel have investigated the facts and law underlying the claims asserted in the Action.  Plaintiff and Class Counsel requested, and HARVARD has produced, data and documents regarding the claims asserted by Plaintiff and the putative class. Class Counsel also has engaged in numerous discussions with HARVARD's counsel regarding those claims.

S.     HARVARD denies all material allegations and claims asserted in the Action and the Complaint, and it denies all allegations of wrongdoing and liability.  In addition, HARVARD maintains that it has meritorious defenses to all claims alleged in the Action and it is prepared to defend the Action.  Only because of the risks, uncertainties, burden and expense of continued

litigation, and not as an admission of any guilt, does HARVARD desire to settle the Action on the terms set forth herein.

T.      Plaintiff and Class Counsel believe that the claims asserted in the Action have merit.  However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation and any subsequent appeal, Plaintiff and Class Counsel believe that it is desirable that the Action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in this Settlement Agreement.  Plaintiff and Class Counsel have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action.

U.      This Agreement is the result of extensive mediation, meetings and negotiations. For months, Plaintiff and HARVARD have engaged in good faith and arm's length negotiations concerning the possible settlement of the Action.

**NOW, THEREFORE,** in consideration of the promises, covenants, representations and warranties contained herein, and for good and valuable consideration, the receipt of which is hereby mutually acknowledged, the Parties hereby agree as follows:

**1.  Settlement Class**

1.1     <u>Proposed Class Definition</u>.  For settlement purposes only, the Parties have agreed to define the "Settlement Class" as follows:  All persons in the United States from **April 30, 2009 to April 30, 2013** (the "Class Period") to whom The Harvard Drug Company, LLC d/b/a Expert-Med ("HARVARD" or "Defendant") sent or caused to be sent a facsimile advertisement that promoted the commercial availability or quality of any property, goods, or services in the form of, or similar to, the document attached as Exhibit A to the Complaint.

4

Excluded from the Class are: Defendant, any parent, subsidiary, affiliate, officers, directors, and employees of Defendant, and members of the federal judiciary.

      1.2   <u>Estimated Class Size</u>.  HARVARD's records reflect that it sent the subject facsimile advertisements to approximately 831 numbers during the Class Period.

## 2. Preliminary Approval of Proposed Class Action Settlement

      2.1   The Parties desire and intend to seek Court approval of the Settlement and a final judgment and order dismissing with prejudice the claims of Plaintiff and Class Members as set forth in this Settlement Agreement.  The Parties agree to undertake all steps necessary to effectuate the purpose of the Settlement, to secure the Court's approval of the Settlement, and to oppose any interventions and objections to the Settlement, including objections by any regulatory authority.  Class Counsel reserve the right to appeal any award of attorneys' fees and costs that is less than the amount the Parties agreed to in Section 5 below.

      2.2   Upon full execution of this Settlement Agreement, Plaintiff will file a Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") in accordance with the terms of this Settlement Agreement.  The Motion for Preliminary Approval will seek an order in the form attached as Exhibit "A" ("Preliminary Approval Order") that:  (a) preliminarily approves the Settlement of the Action; (b) certifies the Settlement Class for settlement purposes only; (c) approves and appoints Plaintiff Barr as representative of the Settlement Class; (d) approves and appoints Plaintiff's counsel to represent the Settlement Class for settlement purposes ("Class Counsel"); (e) approves the forms providing notice of this Settlement to the Settlement Class, as provided in Section 8 of this Settlement Agreement (the "Notice Forms"); (f) approves the methods for providing notice of this Settlement to the Settlement Class, as provided in Section 8 of this Settlement Agreement (the

"Notice Plan"); (g) approves the form by which Class Members can submit a claim (the "Claim Form") and the claims process, as provided in Section 9 of this Settlement Agreement; and (h) sets the deadlines for providing notice to the Settlement Class and for members of the Settlement Class to request exclusion/opt-out or object to the proposed Settlement, as provided in Sections 10 and 11 of this Settlement Agreement.  The Parties will thereafter seek final approval of the Settlement and entry of the "Final Approval Order" (as defined in Section 12 below).

2.3     The proposed Preliminary Approval Order will preliminarily enjoin Plaintiff, all potential Class Members, and any person or entity acting on behalf of any potential Class Member, either directly, representatively, or in any other capacity, from: (a) commencing, continuing, intervening in, participating in, or prosecuting against HARVARD any action or proceeding in any court or tribunal asserting any of the Released Claims as defined in Section 14.1; or (b) organizing any potential Class Members into a separate class for purposes of pursuing as a purported class action any action or proceeding in any court or tribunal, including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action based on or relating to the clause and causes of actions, or the facts and circumstances relating thereto, in this Action and/or any claims released by this Agreement.

## 3.  The Settlement Fund

As settlement in full of this Action, HARVARD has agreed to make available $415,500 to fund this Settlement (the "Settlement Fund").  As described herein, the Settlement Fund shall be used to provide the exclusive recovery and relief for the Class, any *cy pres* distribution, any reasonable attorneys' fees and costs approved and awarded by the Court to Class Counsel, any incentive award approved and awarded by the Court to Plaintiff Barr, and the

costs of notice and settlement administration, as set forth in Sections 4, 5, 6, 7, 8 and 9 below. The Settlement Fund shall be the sole and exclusive monetary contribution or consideration paid or provided by HARVARD under this Settlement Agreement and HARVARD shall not, under any circumstances, be obligated to pay any other additional amounts beyond the amounts outlined in this Section in connection with this Settlement Agreement.  No interest shall accrue on the Settlement Fund.  Any part of the Settlement Fund which is not used to provide relief for the Settlement Class, attorneys' fees and costs, incentive awards, and costs of notice and settlement administration shall remain with HARVARD.   The undistributed part of the Settlement Fund which remains with HARVARD shall not exceed $100,000.  At least $315,500 of the Settlement Fund shall be distributed to provide relief for the Settlement Class, attorneys' fees and costs, incentive awards, cy pres distribution, and costs of notice and settlement administration.  The parties agree that they will propose Legal Aid Service of Broward County, Inc. and Coast to Coast Legal Aid of South Florida, Inc. as the cy pres designees should any undistributed part of the Settlement Fund exceed $100,000, and that they will jointly seek court approval of these cy pres designees.  If for any reason the Final Judgment does not occur, or this Agreement is terminated in accordance with its terms, all monies advanced by HARVARD for the costs of settlement administration that have not been expended shall be returned to HARVARD.

### 4.  Class Recovery

Class Members who submit a Valid Claim Form, as set forth in Section 9 below, will receive from the Settlement Fund in the form of a check, the lesser of (1) $500 or (2) their *pro rata* share of the Settlement Fund, after subtracting the total of any attorneys' fees and costs awarded by the Court, any incentive award to Plaintiff Barr awarded by the Court, and any costs

of notice and settlement administration.  There shall be permitted only one claim per facsimile number for each Class Member regardless of the number of facsimile advertisements received.

### 5.  Attorneys' Fees and Costs for Class Counsel

No later than ten (10) days prior to the Objection Deadline, Class Counsel shall move the Court for an award of attorneys' fees and costs incurred in connection with the Action to be paid to Class Counsel from the Settlement Fund.  HARVARD shall not object to such a motion so long as the total attorneys' fees and costs requested by Class Counsel do not exceed $124,650.  This Settlement Agreement is not conditioned on the Court's approval of any attorneys' fees and costs sought by Class Counsel and the Parties negotiated and reached this agreement regarding any award of attorneys' fees and costs only after reaching agreement on all other material terms of this Settlement.  No interest will accrue on any attorneys' fees or costs awarded by the Court to Class Counsel.

### 6.  Incentive Awards for Named Plaintiff

Plaintiff Barr seeks an incentive award of no more than $2,000 for his service in representing the Settlement Class, subject to the Court's approval.  Any incentive award approved by the Court shall be paid from the Settlement Fund.  Court approval of any incentive award will not be a condition of the Settlement and the Parties negotiated and reached this agreement regarding any incentive award to the Plaintiff only after reaching agreement on all other material terms of this Settlement.  HARVARD shall not object to an incentive award that does not exceed $2,000 for Plaintiff Barr.

### 7.  Settlement Administration

7.1    Settlement Administrator.  The settlement administration services for this Action shall be provided by Garden City Group (the "Settlement Administrator"), which is

headquartered in Lake Success, New York.   Subject to the oversight of Class Counsel, HARVARD's counsel and the Court, the Settlement Administrator shall administer the Settlement in accordance with the terms of this Agreement and shall treat any and all documents, communications, and other information and materials received in connection with administration of this Settlement as confidential and shall not disclose any or all such documents, communications or other information to any person or entity except as provided for in this Agreement or by court order.   Upon request, the Settlement Administrator will execute a non-disclosure agreement.   The Settlement Administrator will be responsible for, among other things: (a) providing notice of the Settlement to members of the Settlement Class as set forth in Section 8; (b) creating and maintaining the Settlement Website as set forth in Section 8.4; (c) maintaining a toll-free telephone number as set forth in Section 8.5; (d) acting as a liaison between the Settlement Class and the Parties regarding the Settlement; (e) receiving and validating Claim Forms; (f) receiving and promptly forwarding any Exclusion Requests or Objections to Class Counsel and HARVARD's counsel as set forth in Sections 10.1, 10.7, and 11.2; (g) issuing settlement checks to Class Members entitled to receive a settlement check pursuant to Section 13.3 below; (h) paying the Attorneys' Fees Award and Incentive Award approved by the Court as set forth in Sections 13.1 and 13.2, including any relevant tax reporting; (i) maintaining records of its activities under the Settlement Agreement as required by applicable law in accordance with its normal business practices and making such records available to Class Counsel and HARVARD's Counsel upon request; and (j) providing reports, declarations, and other information to the Parties and the Court as the Parties and the Court may require, or as required under this Agreement.

       7.2   <u>Settlement Administration Expenses</u>.  The costs and expenses incurred by

the Settlement Administrator to provide notice (pursuant to Section 8 below) and otherwise administer this Settlement ("Settlement Administration Expenses") shall be paid out of the Settlement Fund.  Within ten (10) days after the entry of the Preliminary Approval Order, HARVARD will advance monies from the Settlement Fund to pay the projected costs of the Settlement Administrator to provide Notice to the Class.  HARVARD will be given credit for all such advance payments, which shall be deducted from the Settlement Fund.  Because the costs of notice and settlement administration could affect the amount paid to each Class Member out of the Settlement Fund, the costs of notice and settlement administration shall be overseen by Class Counsel.  HARVARD's counsel may also oversee the notice and settlement administration process as they deem necessary.  The Parties will use good faith efforts to minimize the costs of notice and settlement administration.

### 8.   Notice of Settlement

8.1     "Notice" means the notice of this proposed Settlement Agreement and the Final Approval Hearing, which is to be sent to the members of the Settlement Class substantially in the form and manner set forth in Sections 8.2.2, 8.3 and 8.4 below.  The Parties agree that the Notice provided under this Settlement is consistent with the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and approved by the Court and is the best notice practicable.  Other than such Notice, the Parties shall not initiate any other direct communication to members of the Settlement Class regarding this Settlement which has not been previously approved by the Court and/or will not seek free media attention or issue press releases or social media statements pertaining to the Settlement except as provided in Section 18.  Nothing in this provision shall prevent or impair Class Counsel's duties to the Settlement Class, including responding to questions and inquiries initiated by members of the Settlement Class.

8.2     Mail Notice.

8.2.1    HARVARD shall, within five (5) days of Plaintiff's filing of the Motion for Preliminary Approval, provide the Settlement Administrator with a list of facsimile numbers used to send the facsimile advertisement in the form of, or similar to, the document attached as Exhibit A to the Complaint during the Class Period (the "Class List").   The Settlement Administrator shall conduct a "reverse look-up," using the facsimile telephone numbers provided by HARVARD, to identify the names and addresses of potential Class Members.   Multiple sources for "reverse look-ups" will be used to identify as many Class Members as possible.   Potential Class Members for whom the Settlement Administrator is able to obtain a complete mailing address will be provided a Mailed Notice.

8.2.2    The Settlement Administrator shall send the Mailed Notice to potential Class Members by first-class mail.   The Mailed Notice shall consist of a letter that contains a summary description of the background of the Action and the Settlement, describes the relief provided by the Settlement, explains that Class Members shall release their claims against the Released Parties and the impact on any existing litigation, describes the right of members of the Settlement Class to Opt-Out and/or Object to the Settlement and the manner in which they may do so, identifies the Settlement Administrator, explains that any relief under the Settlement is contingent upon Court approval and entry of the Final Approval Order, identifies the date, time, and location of the Final Approval Hearing, identifies the toll-free number established by the Settlement Administrator, and directs recipients to the Settlement Website from which additional information about the Settlement can be obtained.   The form and content of the Mailed Notice the Parties have agreed to is attached as Exhibit "B".

8.2.3    Any Mailed Notice returned to the Settlement Administrator with a new forwarding address will be re-mailed to the potential Class Member at the new forwarding address.  When feasible, skip tracing shall be performed for any returned Mailed Notice.  All costs of skip tracing will be deducted from the Settlement Fund.  Under no circumstance will the Settlement Administrator be obligated to re-send the Mailed Notice to any member of the Settlement Class whose mailing was returned without forwarding address.

8.2.4    The Settlement Administrator will send the Mailed Notice as soon as reasonably practicable, but no later than thirty (30) days after entry of the Preliminary Approval Order.

8.3      <u>Publication Notice</u>.   The Settlement Administrator shall arrange for Publication Notice in the form attached hereto as Exhibit "C".  Such Publication Notice shall be published within thirty (30) days following the entry of the Preliminary Approval Order, in publication(s) to be agreed upon by the Parties.  The costs of Publication Notice will be paid from the Settlement Fund.

8.4      <u>Settlement Website and Website Notice</u>.   Within thirty (30) days following the entry of the Preliminary Approval Order, the Settlement Administrator shall establish and oversee a settlement website at **www.BarrTCPASettlement.com**  (the "Settlement Website"), or another URL as agreed by the Parties.  The Settlement Website will include hyperlinks to the Claim Form, the Complaint, the Settlement Agreement, the Motion for Preliminary Approval and the Preliminary Approval Order.  The Settlement Website shall also include the deadlines for filing claims, requests for exclusion from the Settlement, objections and final approval and other information pertaining to the Settlement and how to submit claims, and Frequently Asked Questions ("FAQ's").  The Settlement Website shall not include any

advertising, and shall not bear or include HARVARD's logo or trademarks, or the logo or trademarks of any of HARVARD's parents, subsidiaries, or sister companies. The Settlement Website shall cease to operate and the Settlement Administrator shall remove all information from the Settlement Website no later than the Final Accounting as set forth in Section 13.5. Ownership of the Settlement Website URL shall be transferred to HARVARD within ten (10) days following the date it ceases to operate. All costs of the Settlement Website will be considered Settlement Administration Expenses and deducted from the Settlement Fund.

        8.5    <u>Settlement Toll-Free Number</u>. The Settlement Administrator shall establish a toll-free number for receiving calls related to the Settlement. The Notice Forms and Settlement Website shall include the toll-free number. The phone number shall remain open and accessible through Final Judgment. All costs of the Settlement Toll-Free Number will be considered Settlement Administration Expenses and deducted from the Settlement Fund.

        8.6    The Settlement Administrator will make available a declaration for filing with the Court, as part of the final approval papers, stating that the procedures regarding Notice in Section 8 were followed no later than ten (10) days prior to the Final Approval Hearing.

        8.7    <u>CAFA Notice</u>. No later than ten (10) days after this Agreement is filed with the Court, Defendant's counsel will cause notice of the settlement required by the Class Action Fairness Act, 28 U.S.C. § 1715(b), to be issued to the Attorney General for the United States as well as the Attorney General of any state where potential Class members are suspected to reside.

      **9. Claims Process**

        9.1    <u>Potential Claimants</u>. Any person falling within the Settlement Class who does not timely and validly request exclusion from the Settlement as required in this Settlement

Agreement shall be a Class Member bound by this Settlement Agreement and Final Judgment, and permitted to submit a claim for payment under this Settlement Agreement.

9.2     Claim Form.   In order to receive a payment under the terms of this Settlement, each Class Member must submit a Valid Claim Form, substantially in the form attached hereto as Exhibit "D", and as approved by the Court.   Claim Forms may be submitted by mail or via email to the Settlement Administrator at an email address setup by the Settlement Administrator.   Each Class Member shall be entitled to make only one claim per fax number regardless of the number of faxes received.

9.3     Valid Claims.   A Claim Form submitted by a Class Member is valid if it: (a) contains the Class Member's full name, address, and telephone number; (b) contains a sworn statement that the Class Member received a fax on his or her fax number during the Class Period; (c) identifies the facsimile telephone number to which HARVARD allegedly sent the subject fax advertisement; (d) is postmarked by the "Claims Deadline," as specified in the Claim Form and on the Mailed Notice; (e) is correct and truthful; and (f) is not successfully challenged ("Valid Claim Form").

9.4     Claims Deadline.   All Claim Forms must be postmarked or submitted via email within ninety-five (95) days following the entry of the Preliminary Approval Order ("Claims Deadline") to be considered a Valid Claim Form.

9.5     Fraudulent Claims.   The Settlement Administrator will employ reasonable procedures to screen Claim Forms for abuse or fraud, and is authorized to reject a Claim Form where the fax number provided on a Claim Form does not appear on the list of potential Class Members or where a Claim Form does not contain all requested information necessary to validate a Claim Form.   The Parties reserve the right, but not the obligation, to challenge Claim

Forms by submitting any objections to the Settlement Administrator within ten (10) days of the Claims Deadline.  The Settlement Administrator shall have full and final authority to determine the validity of all claims based on the criteria set forth in the definition of "Valid Claim Form" in this Settlement Agreement.

        9.6   <u>Deficient of Challenged Claims</u>.  The Settlement Administrator is authorized to contact any claimants who submitted a deficient Claim Form, or whose Claim Form was challenged by one of the Parties, to request that they cure any deficiency or provide additional information within fifteen (15) days.  Any deficient or challenged Claim Form not cured within fifteen (15) days of the notice of the deficiency or challenge by the Settlement Administrator shall be rejected.

        9.7   Within ten (10) days of resolution of all deficient and challenged Claim Forms, the Settlement Administrator will provide a report regarding Claim Forms received, identifying those claims that are validated and those that are not validated to Class Counsel and HARVARD's counsel.

**10. Requests for Exclusion from Settlement**

        10.1   <u>Exclusion Deadline</u>.  Persons falling within the definition of the Settlement Class have the right to "opt-out" or exclude themselves from the Settlement by mailing an exclusion request ("Exclusion Request") to the Settlement Administrator.  The Exclusion Request must be received or postmarked on or before the Exclusion Deadline specified on the Notice Forms and Settlement Website, which is ninety-five (95) days following the entry of the Preliminary Approval Order.  The Settlement Administrator will provide copies of such Exclusion Requests to Class Counsel and counsel for HARVARD promptly upon receipt.

10.2    <u>Exclusion Request</u>.  The Exclusion Request shall be in writing and include the name and number of this Action, the person's name, address, telephone number, and fax number, be signed by the member of the Settlement Class, and contain a statement that indicates a desire to be excluded from the Settlement Class in this Action, such as "I hereby request that I be excluded from the proposed Settlement Class in the Barr v. Harvard Drug Action."  An Exclusion Request that does not include all of the foregoing information, or that is sent to an address other than that designated in the Notice Forms, or that is not received or postmarked by the Exclusion Deadline, shall be invalid and the Class Member shall be bound by the Settlement Agreement.

10.3    Any person who submits a valid Exclusion Request shall not (a) be entitled to relief under this Settlement Agreement; (b) gain any rights by virtue of this Settlement Agreement; (c) be entitled to object to any aspect of this Settlement Agreement; or (d) be bound by the Settlement Agreement or the Final Judgment.

10.4    Any person in the Settlement Class who does not properly and timely submit an Exclusion Request, shall be considered a Class Member and will be bound by this Settlement Agreement and the Final Judgment to be entered following the Final Approval Hearing.

10.5    So called "mass" or "class" opt-outs or exclusions shall not be allowed. No member of the Settlement Class, or any person acting on behalf of or in concert or participation with any member of the Settlement Class, may exclude any other Class Member from the Settlement.

10.6    HARVARD reserves its right to terminate the Settlement Agreement, as contemplated by Section 16, should forty-one or more members of the Settlement Class opt out of the Settlement.

10.7    The Settlement Administrator shall provide the Parties with a list of all timely Exclusion Requests within seven (7) days after the Exclusion Deadline, and shall provide a declaration identifying the number of Exclusion Requests within ten (10) days prior to the Final Approval Hearing.

**11. Objections to Settlement**

11.1    <u>Objection Deadline</u>.  Any Class Member who intends to object to this Settlement Agreement ("Objection") must (1) file his or her Objection with the Court or submit his or her Objection via mail to the Clerk of the Court and (2) mail a copy of the Objection to Class Counsel and HARVARD's counsel to the individuals identified in Section 34.   The Objection must be filed with the Court and postmarked within ninety-five (95) days following the entry of the Preliminary Approval Order ("Objection Deadline").

11.2    Any Objection must set forth the name and case number of this Action, the Class Member's name, address, telephone number, facsimile number, all arguments, citations and evidence supporting the Objection, and a statement of whether the objector intends to appear at the Final Approval Hearing with or without counsel.  Objectors (if any) may, but need not, appear at the Final Approval Hearing, either individually or through counsel, for their objections to be considered.  Any Objection must provide information sufficient to allow the Parties to confirm that the person submitting the Objection is a Class Member.  The Settlement Administrator will provide to Class Counsel and HARVARD's Counsel all copies of any objections mailed to the Settlement Administrator.   Any Class Member objecting to the

Settlement who does intend on appearing at the Final Approval Hearing shall file with the Court a Notice of Intention to Appear at the Final Approval Hearing within ten (10) days prior to such hearing. Responses to any Objections by the Parties shall be filed with the Court at least five (5) days in advance of the Final Approval Hearing.

      11.3    Any Class Member who fails to submit a timely Objection pursuant to this Section and as detailed on the Notice Forms and Settlement Website shall have waived any right to object to the fairness, reasonableness, or adequacy of the proposed Settlement, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means.

      11.4    A person in the Settlement Class who requests to be excluded from the Settlement cannot also object to the Settlement.

### 12. Final Approval and Final Judgment

      12.1    <u>Final Approval Hearing</u>. The Final Approval Hearing is the hearing before the Court held on the date specified on the Notice Forms and Settlement Website during which the Parties will request that the Court grant final approval of the Settlement Agreement and enter the Final Approval Order. The Final Approval Hearing shall occur no sooner than one hundred twenty (120) days from entry of the Preliminary Approval Order and may be continued to a future date without further notice.

      12.2    <u>Final Approval Motion.</u> Assuming entry of the Preliminary Approval Order, Plaintiff shall move for final approval of the Settlement and entry of the Final Approval Order and Judgment ("Final Approval Order") requesting preliminary certification of the Settlement Class for Settlement purposes be made final and that the Action be dismissed with prejudice. The proposed Final Approval Order shall be substantially in the form and content attached hereto as Exhibit "E", or in such other form as Class Counsel and counsel for

HARVARD subsequently agree upon.  Plaintiff shall move for final approval of the Settlement no later than ten (10) days prior to the Objection Deadline.  HARVARD may, but is not required, to file a separate memorandum in support of entry of the Final Approval Order.

12.3   <u>Final Judgment</u>.   As used herein, "Final Judgment" shall mean after the entry by the Court of the Final Approval Order finally approving the settlement of the Action pursuant to the terms of this Settlement Agreement and after that judgment shall have become final by expiration of time for appeal, motion for reargument, motion for rehearing, petition for writ of certiorari or other writ ("Review Proceeding") with respect to such judicial ruling or order with no such Review Proceeding having been filed, or (b) if a Review Proceeding has been filed with respect to such judicial ruling or order, (i) the judicial ruling or order has been affirmed without modification and with no further right of review, or (ii) such Review Proceeding has been denied or dismissed with no further right of review.

12.4   HARVARD shall not be obligated to pay any sum pursuant to this Settlement Agreement until after Final Judgment, except for advancing funds necessary to provide the Settlement Administrator amounts as contemplated by Section 7.2 above.   Any appeal regarding the Attorneys' Fees or costs or Incentive Payment to Barr shall not affect other payments that are not the subject of such an appeal.

12.5   By entering the Final Approval Order, the Court shall:

12.5.1 Approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement, to the extent the Parties have not done so already, according to its terms and provisions; and declare the Settlement Agreement to be binding on, and have res judicata and preclusive effect in all pending

and future lawsuits or other proceedings maintained by or on behalf of Plaintiff Barr and all other Class Members, as well as their heirs, executors and administrators, successors and assigns;

12.5.2  Certify the Settlement Class for settlement purposes only;

12.5.3  Find that the Notice implemented pursuant to the Settlement Agreement (a) constitutes the best practicable notice as required under Rule 23, (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to accept, object to or exclude themselves from the proposed Settlement and to appear at the Final Approval Hearing, (c) constitutes reasonable, due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and any Rules of the Court;

12.5.4  Find that Class Counsel and Plaintiff Barr adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

12.5.5  Incorporate the Release set forth in Section 14 below, make the Release effective as of the date of the Final Judgment, and forever discharge the Released Parties from any claims or liabilities arising from or related to the facts, circumstances, or subject matter of this Action;

12.5.6  Bar and enjoin Plaintiff Barr and all Class Members from (a) filing, commencing, prosecuting, intervening in, promoting, or participating (as class members or otherwise) in, any lawsuit in any jurisdiction based on or arising out of the Released Claims, or the facts and circumstances relating thereto, in this Action and (b) organizing Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class

certification in a pending action) based on or relating to the Released Claims, or the facts and circumstances relating thereto, in this Action.

12.6 Promptly after the Final Judgment, Class Members shall dismiss with prejudice all claims, actions or proceedings that have been brought by or involve any Class Member in any other jurisdiction that are released pursuant to this Agreement.

### 13. Payments Upon Final Judgment

13.1    Class Counsel shall, within thirty (30) days of Final Judgment, be paid from the Settlement Fund the attorneys' fees and costs awarded by the Court via electronic transfer to an account designated by Class Counsel.   Neither the Settlement Administrator, nor HARVARD or any of the Released Parties shall be responsible for or have any liability whatsoever with respect to the allocation or distribution among Class Counsel and/or any other person who may assert a claim thereto, of attorneys' fees or expenses that the Court may award.

13.2    Within thirty (30) days after Final Judgment, any Incentive Award approved by the Court shall be paid to Plaintiff Barr from the Settlement Fund.  If awarded an Incentive Award, Plaintiff shall provide to the Settlement Administrator a completed W-9 within ten (10) business days of Final Judgment.

13.3    Within thirty (30) days after Final Judgment, or as soon thereafter as reasonably practicable, the Settlement Administrator shall mail settlement checks to Class Members who submitted Valid Claim Forms.  Any checks that are returned as non-deliverable with a forwarding address shall be re-mailed by the Settlement Administrator.  The settlement checks to Class Members shall state on their face that the check will expire and become void if not cashed within ninety (90) days of the date of the check.  A Class Member's entitlement to

receive payment under this Settlement Agreement is conditioned on their timely negotiation of the settlement check.

13.4    Any funds from uncashed settlement checks shall revert to HARVARD so long as the undistributed part of the Settlement Fund remaining does not exceed $100,000, at which point, any funds over such amount will be delivered to any *cy pres* recipients selected by the Parties and approved by the Court consistent with Section 3.

13.5    <u>Final Accounting</u>.  Within thirty (30) days of the deadline to cash any settlement checks issued to Class Members, the Settlement Administrator shall provide a Final Accounting to the Parties of the total amount of payments made from the Settlement Fund, including payments to Class Members, payments of Attorneys' Fees, payment of any Incentive Award to Plaintiff, and itemization of all Settlement Administration Expenses.

**14. Release Upon Final Judgment**

14.1    Plaintiff Barr, and each Class Member, on behalf of themselves and their agents, employees, officers, representatives, administrators, servants, assigns, heirs, executors, trustees, joint venturers, parents, subsidiaries, affiliates, partners, successors, predecessors, insurers, reinsurers, and attorneys, and each of them (collectively, the "Releasing Persons"), hereby jointly and severally release and discharge HARVARD and its past, present and future officers, directors, principals, shareholders, employees, servants, agents, representatives, parents, affiliates, subsidiaries, predecessors, successors, partners (including any entities that provided HARVARD with the facsimile numbers used to fax the Class Members), contractors, vendors, clients (including those on whose behalf HARVARD faxed the Class Members), insurers, reinsurers, accountants, and attorneys (collectively, the "Released Parties") from any and all actions, causes of action, claims, demands, obligations, damages, expenses, costs, and attorneys'

fees, of whatever character, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, whether in law or in equity, arising out of or relating to HARVARD's alleged sending of facsimile advertisements during the Class Period, any alleged violations of the TCPA or similar state laws or related federal or state regulations which prohibit the transmission of facsimile advertisements without the prior express invitation or permission of the recipient, any alleged violations of the FCC regulations regarding sending fax advertisements, the Action, the Complaint, and/or the administration of this Settlement, through and including the date hereof (the "Released Claims").

14.2    The Releasing Persons further agree that they shall be permanently enjoined by the Court under the Final Approval Order from instituting, filing, commencing, continuing, prosecuting, intervening in or participating in any action, proceeding, or cause of action at law, or in equity, or administratively, suits, debts, liens, or claims, known or unknown, fixed or contingent, which they have or claim to have in state or federal court, or with any state, federal or local government agency or with any administrative body, asserting any Released Claims against the Released Parties.

14.3    If any of the Parties should discover subsequent to Final Judgment that any fact relied upon by he/she/it in entering into this Settlement Agreement was untrue, or that any fact was concealed from he/she/it, or that his/her/its understanding of the facts or of the law was incorrect, such party shall have waived and not be entitled to any relief in connection therewith, including without limitation, any alleged right or claim to set aside or rescind this Settlement Agreement.  This Settlement Agreement is intended to be, and is final and binding between the Parties hereto and all Class Members, regardless of any claims of misrepresentation,

promise made without the intention to perform, concealment of fact, mistake of fact or law, or any other circumstance whatsoever.

14.4    In connection with the foregoing Releases, Plaintiff and each Class Member shall be deemed, as of the Final Judgment, to have waived any and all provisions, rights and benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable or equivalent to California Civil Code Section 1542, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

To the extent that anyone might argue that these principles of law are applicable—notwithstanding that the Parties have chosen Florida law to govern this Settlement Agreement—Plaintiff hereby agrees, and each Class Member will be deemed to agree, that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished and released.

14.5    This Agreement is expressly contingent upon entry of a non-appealable order granting final approval to the terms of this Agreement and a final, non-appealable dismissal of the Action with prejudice.  If the Court refuses to grant final approval of the terms of this Agreement as set forth herein, or if the Final Approval Order is reversed or materially modified on appeal, or, for any reason, this Agreement does not become effective, HARVARD shall have no obligation to pay the Settlement Fund and this Agreement shall be null and void *ab initio* and no stipulation, representation or assertion of fact made in this Agreement may be used

by anyone for any purpose whatsoever; and in that event, Plaintiff and HARVARD shall have the same rights they had prior to entering into this Agreement, including the right to pursue all post-judgment motions and appellate review.

14.6    <u>Impact of Final Approval Order</u>.  Upon entry of the Final Approval Order: (a) the Agreement shall be the exclusive remedy for any and all Class Members with respect to the Released Claims; (b) the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Class Member(s) or the Releasing Persons; (c) Class Members shall be permanently barred and enjoined from filing, commencing, continuing, prosecuting, intervening in or participating in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (d) Class Members shall be permanently barred and enjoined from organizing Class Members, or soliciting the participation of Class Members, for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

14.7    <u>Rights Established Under The Agreement Are Not Released</u>.  Nothing in this Agreement or the Release shall preclude any action to enforce the terms of this Agreement. The Releases are not intended to include the release of any rights or duties of the Parties arising out of the Agreement, including the express warranties and covenants contained herein.

## 15. Effect of Court's Denial of Preliminary or Final Approval of Settlement

15.1    There is no settlement if the Court does not preliminarily approve the Settlement or finally approve the Settlement in substantially the same form as set forth herein, or if the Settlement is appealed or reversed in any material respect, or if the judgment approving the

Settlement is appealed or reversed in any respect, or if the Settlement or the judgment approving the Settlement is not approved on appeal in substantially the same form as set forth herein.  In such event, (a) this Settlement Agreement is terminated and is of no force and effect and no Party shall be bound by any of its terms; (b) to the extent applicable, any preliminary order approving the Settlement, certifying the Settlement Class, approving the Notice Forms or Notice Program, and providing notice to the Settlement Class shall be vacated; (c) the Settlement Agreement and all of its provisions and all negotiations, statements, and proceedings relating to the Settlement Agreement shall be without prejudice to the rights of any of the Parties; (d) each of the Parties shall be restored to their respective positions as of the date this Settlement Agreement was fully executed; and (e) neither the Settlement nor any of its provisions or the fact that this Settlement Agreement has been made shall be admissible in this Action or in any other action for any purpose whatsoever.

15.2    Solely for the purposes of settlement, providing Notice and implementing this Settlement Agreement, the Parties agree to conditional certification of the Settlement Class which shall be certified for settlement purposes only.  Preliminary certification of the Settlement Class shall not be deemed a concession that certification of a litigation class is appropriate, nor is HARVARD precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement is not finalized or finally approved.  If the Settlement is not finally approved by the Court for any reason whatsoever, or the Final Judgment does not occur, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel or preclusion may be asserted in any litigated certification proceedings in the Action.  No agreements made by or entered into by HARVARD in connection with the Settlement may be used by Plaintiff, any person in the proposed Settlement Class or any other person to establish

any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

### 16. Termination of Settlement Agreement

16.1    Plaintiff, on behalf of the Settlement Class, or HARVARD, shall have the right to terminate this Settlement Agreement by providing written notice to the other within ten (10) days of any of the following events:  (a) the Court's refusal to grant preliminary approval of this Settlement Agreement; (b) the Court's material modification of the Settlement Agreement, the Mailed Notice (attached as Exhibit B), Publication Notice (attached as Exhibit C), Website Notice, Claim Form (attached as Exhibit D), or the Preliminary Approval Order (attached as Exhibit A); (c) the Court's refusal to grant final approval of this Settlement Agreement in any respect or enter the Final Approval Order, or a material modification of the Final Approval Order (attached as Exhibit E); (d) an appellate court reverses or modifies the Final Approval Order and the Settlement is not reinstated without material change by the Court; (e) the Final Judgment date is modified or reversed in any material respect by the Court of Appeals or the U.S. Supreme Court; or (g) notice from the Settlement Administrator of a number of Exclusion Requests that triggers the right to terminate under Section 10.6.

16.2    If this Agreement is terminated as provided herein, either automatically or by a Party, the Settlement shall be deemed null and void from its inception and the Parties will be restored to their respective positions in the Action prior to this Agreement without any penalty or sanction.  In such event, the terms and provisions of this Agreement will have no further force and effect with respect to the Parties and will not be used in the Action or in any other proceeding for any purpose; all communications and documents related to the Settlement will be subject to Federal Rule of Evidence 408 and all other applicable settlement, negotiation and

mediation privileges; and the Final Approval Order or other judgment or order entered by the Court pursuant to this Agreement will be deemed vacated, *nunc pro tunc*.

### 17. Further Cooperation

The Parties acknowledge that it is their intent to consummate this Settlement Agreement and agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement and to obtain final approval of this Settlement and Final Judgment of this Action. The Parties shall consult with the Mediator if and as necessary in effectuating this Agreement.

### 18. Non-Disparagement and No Publicity

The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by HARVARD in bad faith or without a reasonable basis. Neither Class Counsel nor Plaintiff will make a statement of any kind to any third party regarding the Settlement prior to applying for preliminary approval, with the exception of communications with the Settlement Administrator, and they agree to keep the terms of this Settlement strictly confidential until the filing of the Motion for Preliminary Approval. However, Class Counsel may post orders regarding the Action and brief summaries of those orders on their website without permission from HARVARD. In addition, the Parties agree that they will not publish any press release concerning the Settlement without the prior written review and consent of the other Party. The

Parties further agree that neither Plaintiff nor Class Counsel will make any statements to the media regarding this Settlement without the prior written consent of HARVARD.

### 19. Advice of Counsel

The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing Settlement Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.   Neither HARVARD, nor HARVARD's counsel, nor any agent of HARVARD has provided any tax advice of any kind with respect to the effects of this Settlement Agreement, the Release, the delivery or payment of any consideration identified herein, or the filing of any 1099 or other information reports with the United States Internal Revenue Service regarding payment of money pursuant to this Settlement Agreement.

### 20. No Admission of Liability

Whether or not the Settlement Agreement occurs or this Settlement Agreement is terminated, neither this Settlement Agreement nor the terms contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement may be deemed, or shall be used, offered or received against any of the Released Parties as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the fee award, or of any alleged wrongdoing, liability, negligence, or fault of any of the Released Parties.  Additionally, neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement is or may be deemed to be a

waiver of HARVARD's right to seek to enforce any arbitration provision against Class Members who opt out of the Settlement Class.

### 21. Stay/Bar of Proceedings

All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement.  Pending determination of whether the Settlement should be granted final approval, the Parties and all Class Members in the Action agree not to pursue any claims or defenses otherwise available to them, and no person in the Settlement Class, or acting or purporting to act directly or derivatively on behalf of a member of the Settlement Class, or acting on a representative basis or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.  The proposed Preliminary Approval Order will contain an injunction enjoining the commencement or prosecution of the Released Claims.  The Settlement will be conditioned upon the entry of such an injunction in both the Preliminary Approval Order and the Final Approval Order.

### 22. Return of Confidential Documents

22.1    Within thirty (30) days after Final Judgment, the originals and all copies of all confidential or highly confidential documents and/or information shall be returned to the producing party or certified that they have been destroyed.  Nothing in the Agreement shall require attorney work product or pleading files to be returned or destroyed.

22.2    Class Counsel and Defendant's Counsel each agree to keep all information about the settlement administration process—including, without limitation, all information received pursuant to this Agreement, such as claims reports, information concerning opt-outs, and the Class List—confidential and may use it only for purposes of effectuating this Agreement.

Notwithstanding the foregoing, as required by the Court or to effectuate the intent of this Agreement, the Parties may disclose: Exclusion Requests, Objections, Claims and other documents needed to enforce the terms and conditions of this Agreement or inform the Court in seeking preliminary and final approval of the Settlement.

### 23. Headings

The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

### 24. Waiver

The provisions of this Agreement may be waived only in a writing executed by the waiving party. The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

### 25. Exhibits

All of the exhibits to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

### 26. Entire Agreement

This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

### 27. Modification

This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.  Unless the Court requires otherwise, the Parties may agree in writing, without further order of the Court, to reasonable extensions of time to carry out the provisions of this Agreement.

### 28. No Assignment

Plaintiff represents and warrants that he is the sole and exclusive owner of the Released Claims and has not assigned or otherwise transferred any claim, right or interest therein as against the Released Parties to any other Person and that he is fully entitled to release the same.

### 29. Execution of this Agreement

This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement exchange signed counterparts.  Original signatures are not required.  Any signature by facsimile or scanned electronically and sent by electronic mail shall be deemed an original.  However, a complete set of original executed counterparts shall be filed with the Court if the Court so requests.

### 30. Agreement Binding on Successors in Interest

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

### 31. Jurisdiction

Without affecting the finality of the Final Judgment, the Court shall retain continuing jurisdiction over the Action and the Parties, including all Class Members, the administration and enforcement of this Agreement and the Settlement, and the benefits to the

Settlement Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Agreement, the Preliminary Approval Order, the Final Approval Order, and the distribution of settlement proceeds to Class Members. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement or this Settlement shall be presented by motion to the Court. As part of its agreement to render services in connection with the Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

### 32. Governing Law

This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Florida without regard to conflict of law provisions.

### 33. Arms-Length Negotiations

This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties.  Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

### 34. Notices to Counsel

All notices to counsel provided for herein shall be sent by mail to:

Counsel for Plaintiff and the Settlement Class (Class Counsel)

FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
Seth Lehrman
425 N. Andrews Ave., Suite 2
Ft. Lauderdale, Florida 33301

SCOTT D. OWENS, P.A.
Scott D. Owens
3800 S. Ocean Dr., Suite 235
Hollywood Florida 33019

Counsel for Defendant

Robert J. Tucker
Baker & Hostetler LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215

and

Joshua Stine
Assistant General Counsel
Cardinal Health
7000 Cardinal Place
Dublin, Ohio 43017

The notice recipients and addresses designated above may be changed by written notice to the Parties.

### 35. Full Authority

Each counsel or other person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that such person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

### 36. No Liens

Plaintiff and Class Counsel represent that there are no outstanding liens or claims against the Action or against or for the attorneys' fees awarded hereunder, and that Plaintiff and Class Counsel will be solely charged with the responsibility to satisfy any such liens or claims.

### 37. Interpretation

The following principles of interpretation apply to the Agreement: (a) the plural of any defined term includes the singular, and the singular of any defined term includes the

plural, as the case may be; (b) whenever the words "include," "includes," or "including" are used in the Agreement, they shall not be limiting, but rather shall be deemed to be followed by the words "without limitation;" and (c) in the event any date or deadline under this Agreement is a weekend or legal holiday, such date or deadline shall be on the first business day thereafter.

**38.  No Collateral Attack**

This Agreement shall not be subject to collateral attack by any Class Member, any recipient of the Notice, or any other person after the Final Approval Order is entered.

//

Intentionally left blank

//

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed on the dates set forth below:

PLAINTIFF:

_____   July _13_, 2016
Scott Barr, DDS

**DEFENDANT THE HARVARD DRUG GROUP, LLC, d/b/a EXPERT-MED**

By:_____   July ____, 2016

Name:_____

Title:_____

Approved as to Form and Content:

**FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS, & LEHRMAN, P.L.**

By:_____   July _13_, 2016
        Seth Lehrman
**Attorneys for Plaintiff and the Class**

**SCOTT D. OWENS, P.A.**

By:_____   July _13_ 2016
        Scott D. Owens
**Attorneys for Plaintiff and the Class**

**BAKER & HOSTETLER, LLP**

By:_____   July ____, 2016
        Robert J. Tucker
**Attorneys for Defendant The Harvard Drug Group, LLC, d/b/a Expert-Med**

36

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed on the dates set forth below:

**PLAINTIFF:**

_____   July ___, 2016
**Scott Barr, DDS**

**DEFENDANT THE HARVARD DRUG GROUP, LLC, d/b/a EXPERT-MED**

By:_____   July 15, 2016

Name: Daniel H. Movens

Title: SVP _____

**Approved as to Form and Content:**

**FARMER, JAFFE, WEISSING,**
**EDWARDS, FISTOS, & LEHRMAN, P.L.**

By:_____   July ___, 2016
        Seth Lehrman
**Attorneys for Plaintiff and the Class**

**SCOTT D. OWENS, P.A.**

By:_____   July ___, 2016
        Scott D. Owens
**Attorneys for Plaintiff and the Class**

**BAKER & HOSTETLER, LLP**

By:_____   July 15, 2016
        Robert J. Tucker
**Attorneys for Defendant The Harvard Drug Group, LLC, d/b/a Expert-Med**

EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:13-cv-62019-KAM**

SCOTT BARR, DDS, on behalf of himself and all
others similarly situated,

                                                                **CLASS ACTION**

                    Plaintiff,

          v.

THE HARVARD DRUG GROUP, LLC, d/b/a
EXPERT-MED, a Michigan corporation,

                    Defendant.
_____/


#### [PROPOSED] PRELIMINARY APPROVAL ORDER

          THIS CAUSE comes before the Court upon Plaintiff, Scott Barr, DDS's ("Plaintiff")

Unopposed Motion and Supporting Memorandum for Preliminary Approval of Class Action

Settlement (the "Motion").  After careful consideration of the Motion and the record, including

the Settlement Agreement and Release and its exhibits (the "Settlement Agreement") submitted

with the Motion, it is **ORDERED, ADJUDGED AND DECREED** that the Motion is hereby

**GRANTED** as follows:

          **Preliminary Approval of the Proposed Settlement**

          1.        The Court has jurisdiction over the subject matter of this Action, and over

Plaintiff and Defendant, The Harvard Drug Group, LLC, d/b/a Expert-Med

("Defendant")(collectively, the "Parties"), and the Settlement Class.[1]

_____

[1] Capitalized terms not otherwise defined in this Order have the meanings assigned to them in the
Settlement Agreement.

2.    The Settlement Agreement, and its terms and conditions, are incorporated by reference into this Order as if fully set forth in this Order.

3.    The Court preliminarily approves the proposed Settlement and the Settlement Agreement.  The Court finds that: (a) the proposed Settlement resulted from extensive arm's-length negotiations and was concluded only after Class Counsel had duly investigated the issues raised by Plaintiff's claims; (b) the proposed Settlement of this Action makes available valuable consideration; and (c) the proposed Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable and adequate to warrant providing notice of this Action and the proposed settlement to the Class Members and holding a full hearing on the proposed settlement.

**Preliminary Certification of the Settlement Class**

4.    For purposes of settlement of this Action only, and pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies the following Settlement Class:

> All persons in the United States from April 30, 2009 to April 30, 2013 to whom The Harvard Drug Company, LLC d/b/a Expert-Med ("HARVARD" or "Defendant") sent or caused to be sent a facsimile advertisement that promoted the commercial availability or quality of any property, goods, or services in the form of, or similar to, the document attached as Exhibit A to the Complaint. Excluded from the Class are: Defendant, any parent, subsidiary, affiliate, officers, directors, and employees of Defendant, and members of the federal judiciary.

5.    The Court further finds that for purposes of settlement only (and only for such purposes, and without an adjudication of the merits or a determination of whether a class should be certified if the settlement is not approved or otherwise does not become final), that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and 23(b)(3) have been preliminarily satisfied in that: (a) the Settlement Class appears to be so numerous that joinder of all members is impracticable; (b) there appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the proposed Settlement should be

- 2 -

approved; (c) Plaintiff's claims appear to be typical of the claims being resolved through the proposed Settlement; (d) Plaintiff appears to be capable of fairly and adequately protecting the interests of the Class Members in connection with the proposed Settlement; (e) for purposes of determining whether the Settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual Class Members; and (f) for purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Class Members.  In making these findings, the Court also notes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented in this case. *See Amchem Products, Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997).

6.     The Court further finds, for purposes of settlement only, that:  (a) Class Members likely have a limited interest in individually prosecuting the claims at issue; (b) the Court is satisfied with the Parties' representations that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (c) it is desirable to concentrate the claims in this forum; and (d) it is unlikely that there will be difficulties encountered in administering the proposed Settlement.

7.     Pursuant to Federal Rule of Civil Procedure 23 and for settlement purposes only, Plaintiff Scott Barr, DDS is preliminarily designated as Class Representative for the Settlement Class and Seth Lehrman, Steven R. Jaffe, Mark S. Fistos, Scott D. Owens and Patrick C. Crotty are preliminarily designated as Class Counsel.

8.     The Court recognizes that, pursuant to the Settlement Agreement, The Harvard Drug Group, LLC, d/b/a Expert-Med retains the right to dispute that a class may be properly certified in this Action, or that a class is reasonably ascertainable, should the proposed

- 3 -

Settlement not be finally approved.  The foregoing determinations regarding class certification are for purposes of settlement only.  Accordingly, preliminary certification of the Settlement Class shall not be deemed a concession that certification of a litigation class is appropriate, nor is The Harvard Drug Group, LLC, d/b/a Expert-Med precluded from challenging class certification in further proceedings in this Action or in any other Action or proceeding if the proposed Settlement is not finalized or finally approved.  If the proposed Settlement is not finally approved for any reason, the certification of the Settlement Class shall be void and vacated, and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to any Party to either request or oppose class certification.

9.      This Order shall become null and void, and shall be without prejudice to the rights of the Parties, if (a) the proposed Settlement is not finally approved by the Court, or the Final Judgment does not occur, or (b) the Settlement Agreement is terminated in accordance with its terms, either automatically or by a Party.  In such event, the Settlement shall be deemed null and void from its inception and the Parties will be restored to their respective positions in the Action prior to this Agreement without any penalty or sanction.  Moreover, the terms and provisions of the Settlement Agreement will have no further force and effect with respect to the Parties and will not be used in the Action or in any other proceeding for any purpose; all communications and documents related to the Settlement will be subject to Federal Rule of Evidence 408 and all other applicable settlement, negotiation and mediation privileges.

**Notice and Administration**

10.      The Court hereby approves the Parties' retention of Garden City Group ("GCG") to perform the duties of the Settlement Administrator as set forth in the Settlement Agreement, including providing Notice to Class Members, to perform such other functions and duties as set

forth in the Settlement Agreement, and to provide such other administration services as are reasonably necessary to facilitate the proposed Settlement.

11.     Having considered, among other factors, (a) the cost of giving notice by various methods, (b) the resources of the Parties, (c) the stake of each Class Member, and (d) the possibility that certain members might desire to exclude themselves from the Settlement Class, the Court finds that notice given in the form and manner provided in the Settlement Agreement is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the Class Members: (i) of the pendency and nature of this Action, (ii) of the definition of the Settlement Class preliminarily certified; (iii) of the class claims, issues, and defenses of the Action, and the terms of and relief provided by the proposed Settlement; (iv) of the right to appear and object to the proposed Settlement; (v) of the right to exclude themselves from the Settlement Class; (vi) of the time and manner for requesting exclusion from or objecting to the Settlement Class; and (vii) that any judgment will bind all Class Members who do not timely and properly exclude themselves from the Settlement Class and that all Class Members will release their claims against the Released Parties.  The Court further finds that the proposed Notice methods, texts and methodology are reasonable, that they constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States (including Due Process), and any other applicable rules or law.

12.     The Court hereby approves the form, content and requirements of the Mailed Notice and Publication Notice attached as Exhibits B and C to the Settlement Agreement. The Settlement Administrator shall cause the Mailed Notice and Publication Notice to be sent or published within thirty (30) days following entry of this Order.

13.     The Court also approves the form, content and requirements of the Website Notice.  Within thirty (30) days following the entry of this Order, the Settlement Administrator shall establish and oversee a Settlement Website as required by the terms of the Settlement Agreement.  The Settlement Website shall not include any advertising, and shall not bear or include Defendant's logos or trademarks, or the logos or trademarks of any parent, subsidiary, or sister company of Defendant.

14.     The Settlement Administrator shall also establish a toll-free number for receiving calls related to the Settlement.  The toll-free number shall remain open and accessible through Final Judgment.

15.     Class Counsel shall, prior to the Final Approval Hearing, file proof that the Notice was provided in accordance with the terms of the Settlement Agreement and this Order.

16.     To receive monetary benefits under the Settlement Agreement, Class Members must complete and timely submit a Valid Claim Form in accordance with the terms of the Settlement Agreement.   The Court hereby approves the form and content of the Claim Form attached as Exhibit D to the Settlement Agreement.

17.     All costs of providing notice to the Settlement Class, processing Claim Forms and administering distributions from the Settlement Fund, and all other expenses relating to administration of the proposed Settlement, shall be paid out of the Settlement Fund as provided by the Settlement Agreement.

**Exclusion / "Opt Outs"**

18.     Class Members shall be bound by all determinations and orders pertaining to the proposed Settlement, including the release of all claims to the extent set forth in the Settlement Agreement unless such potential members of the Settlement Class request exclusion ("Exclusion

- 6 -

Request") from the Settlement Class in a timely and valid manner, as provided in the Settlement Agreement.

19.     To be valid, an Exclusion Request must be received or postmarked within ninety-five (95) days of this Order and (a) include the name and number of this Action, (b) include the person's name, address, telephone number, and fax number, (c) be signed by the member of the Settlement Class, and (d) contain a statement that indicates a desire to be excluded from the Settlement Class in this Action, such as  "I hereby request that I be excluded from the proposed Settlement Class in the Barr v. Harvard Drug Action."

20.     Class Members who do not properly and timely submit an Exclusion Request shall be considered a Class Member and will be bound by the Settlement Agreement and the Final Approval Order to be entered following the Final Approval Hearing even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Released Parties relating to the Released Claims as set forth in the Settlement Agreement. "Mass" or "class" opt-outs or Exclusion Requests shall not be allowed.  No member of the Settlement Class, or any person acting on behalf of or in concert or participation with any member of the Settlement Class, may exclude any other Class Member from the Settlement.

21.     The Settlement Administrator shall promptly provide counsel for the Parties with copies of any requests for exclusion.  Plaintiff shall file a list of all potential members of the Settlement Class who have opted out with the Court no later than seven (7) days prior to the Final Approval Hearing.

**Objections**

22.     Any Class Member who has not previously opted out in accordance with the terms of this Order and the Settlement Agreement may object to the proposed Settlement, the

application of Class Counsel for an award of attorneys' fees and costs, the request for an incentive award to Plaintiff, and/or the request for cy pres award designation, by filing a written Objection in a valid and timely manner as set forth in the Settlement Agreement.  Any Objection must be (1) filed with the Court or mailed to the Clerk of the Court, and (2) mailed to Class Counsel and counsel for Defendant.  The objection must be filed with the Court and postmarked within ninety-five (95) days following entry of this Order.

23.     To be valid, the Objection must set forth (a) the name and case number of this Action, (b) the Class Member's name, address, telephone number, facsimile number, (c) all arguments, citations and evidence supporting the Objection, and (d) a statement of whether the objector intends to appear at the Final Approval Hearing with or without counsel.  Objectors may, but need not, attend the Final Approval Hearing, either individually, or through counsel, for their Objection to be considered.  Any Objection must provide information sufficient to allow the Parties to confirm that the person submitting the Objection is a Class Member.

24.     Any Class Member objecting to the Settlement who does intend on appearing at the Final Approval Hearing shall file with the Court a Notice of Intention to Appear at the Final Approval Hearing within ten (10) days prior to such hearing.  Any responses to Objections shall be filed with the Court at least five (5) days in advance of the Final Approval Hearing.

25.     Any Class Member who does not provide a written Objection in the manner described in the Settlement Agreement and this Order shall be deemed to have waived any Objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement, the plan of allocation, or any award of any attorneys' fees and/or incentive award by appeal, collateral attack or otherwise.

26.     The Parties may depose any objector and obtain discovery from any objector.

- 8 -

**<u>Final Approval Hearing</u>**

27.      The Final Approval Hearing pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court at _____ on _____*[at least 120 days after entry of this Order]*, 2016 at _____ am/pm for the following purposes:

(a)      to finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23(a) and (b) are met;

(b)      to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)      to resolve any Objections to the Settlement, if any;

(d)      to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Class Members from further pursuing claims released under the Settlement Agreement and that this Action should be dismissed with prejudice;

(e)      to consider the application for an award of attorneys' fees and costs of Class Counsel;

(f)      to consider the application for an incentive award to the Class Representative;

(g)      to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement;

(h)      to consider any *cy pres* award designation; and

(i)      to consider and rule upon such other matters as the Court may deem appropriate.

28.     Submissions in support of final approval of the proposed Settlement and the Settlement Agreement, the incentive award to the Class Representative and Class Counsel's application for an award of attorneys' fees, costs and expenses shall be filed with the Court no later than ten (10) days prior to the deadline for submitting any Objection to the Settlement.  The Final Approval Hearing may be postponed, adjourned, or continued by Court order without further notice to the Settlement Class.  At or following the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Class Members with respect to the Released Claims being settled.

29.     Class Members who are not objecting to the proposed Settlement do not need to appear at the Final Approval Hearing or take any other action to indicate their approval of the proposed Settlement.

**<u>Injunction</u>**

30.     Pursuant to 28 U.S.C. § 1651 and Federal Rule of Civil Procedure 23, the Court hereby bars and enjoins Plaintiff and all potential members of the Settlement Class, and any person or entity acting on behalf of any potential Class Member, either directly, representatively, or in any other capacity, unless and until they have timely and properly excluded themselves from the Settlement Class, from: (a) commencing, continuing, intervening in, participating in, or prosecuting against Defendant any action or proceeding in any court or tribunal asserting any of the Released Claims; or (b) organizing any potential Class Members into a separate class for purposes of pursuing as a purported class action any action or proceeding in any court or tribunal, including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action based on or relating to the claims and causes of

- 10 -

actions, or the facts and circumstances relating thereto, in this Action and/or any claims released by the Settlement Agreement.  This injunction is necessary to protect and effectuate the Settlement contemplated thereby, this Order, and the Court's flexibility and authority to effectuate the Settlement Agreement and to enter the Final Approval Order when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

**Further Matters**

31.     All discovery and other pretrial proceedings in between Plaintiff and Defendant in this Action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and comply with this Order.

32.     No discovery with regard to the Settlement Agreement or the proposed Settlement and its administration shall be permitted by any Class Member or any other person, other than as may be directed by the Court.

33.     The Court retains jurisdiction to consider all further matters arising out of or connected with the proposed Settlement.

**DONE and ORDERED** in Chambers at the Paul G. Rogers Federal Building and U.S. Courthouse, West Palm Beach, Florida, this _____ day of _____, 2016.

_____

KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:  All Counsel of Record

EXHIBIT "B"

LEGAL NOTICE

*Barr v. The Harvard Drug Group, LLC, d/b/a Expert-Med*, S.D. Fla. No. 0:13-cv-62019-KAM

## If you received an advertisement by facsimile from The Harvard Drug Group, LLC, d/b/a Expert-Med from April 30, 2009 to April 30, 2013, you may be eligible to receive a payment from a class action settlement.

THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY. A FEDERAL COURT AUTHORIZED THIS NOTICE. IT IS NOT A SOLICITATION FROM A LAWYER

A Settlement has been reached in a class action lawsuit claiming that improper facsimiles were sent by or on behalf of The Harvard Drug Group, LLC, d/b/a Expert-Med ("Harvard Drug") including, for example, faxes to fax machines and/or computers, marketing products or services without including a compliant opt-out notice. Harvard Drug denies that it did anything wrong, and the Court has not decided who is right.

### Who is included?

The Court has decided that the Settlement Class includes all persons in the United States from April 30, 2009 to April 30, 2013 to whom Harvard Drug sent or caused to be sent a facsimile advertisement that promoted the commercial availability or quality of any property, goods, or services in the form of, or similar to, the document attached as Exhibit A to the Complaint. Excluded from the Class are: Defendant, any parent, subsidiary, affiliate, officers, directors, and employees of Defendant, and members of the federal judiciary.

### What are the Settlement Terms?

A Settlement Fund of $415,500 has been established to pay valid claims, notice and claims administration, attorneys' fees, costs, potential *cy pres* award and incentive award.

### How can you get a payment?

To be eligible to get a payment, you must sign and return a Claim Form on or before **[DATE]**. A Claim Form is attached to this Notice. You can also find a Claim Form at website **www.BarrTCPASettlement.com**. Subject to the terms of the Settlement Agreement, those who submit a Valid Claim Form may be entitled to no more than $500.00. You must fully complete and timely submit a claim to receive money from this Settlement. Only one claim is allowed per facsimile number. Any relief provided under this Settlement is subject to approval of the Court.

### Your other options.

If you do not want to be legally bound by the Settlement, you must exclude yourself by **[DATE]**. If you do not exclude yourself, you will remain a Class Member, will not be able to sue Harvard Drug for any of the claims released by this Settlement, and will be legally bound by the Settlement and its terms.

If you do not exclude yourself, you may object to any aspect of the Settlement, but must do so by **[DATE]**.

Additional Notice available on the website explains how to exclude yourself or object. **www.BarrTCPASettlement.com** . You may also call the following toll-free number with any questions regarding the Settlement: [INPUT]

### Settlement Hearing

The Court will hold a Hearing on **[DATE] at the Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, Courtroom #4, West Palm Beach, Florida 33401** to consider whether to approve the Settlement and a request for attorneys' fees of up to $124,650 and an incentive payment of $2,000 to the Class Representative. If you file an objection and wish it to be considered, you or your attorney may, but need not, appear at this hearing.

The Settlement hearing may be moved to a different date or time. Any changes to the date or time of the hearing will be posted at **www.BarrTCPASettlement.com**.

### Additional Information

This Notice provides only a summary of the terms of the Settlement. A more detailed description of the Settlement is available at **www.BarrTCPASettlement.com**. You may also contact the Settlement Administrator, Garden City Group, at [INPUT NUMBER].

1251652.1

EXHIBIT "C"

**LEGAL NOTICE**

THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY. A
FEDERAL COURT AUTHORIZED THIS NOTICE. IT IS NOT A SOLICITATION FROM A
LAWYER

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT.

If you received an advertisement via facsimile from The Harvard Drug Group, LLC, d/b/a Expert-Med ("Harvard Drug") from April 30, 2009 through April 30, 2013, you may be eligible to receive a payment from a class action settlement.

A Settlement has been reached in a class action lawsuit claiming that improper facsimiles were sent by or on behalf of Harvard Drug including, for example, faxes to fax machines and/or computers, marketing products or services without including a compliant opt-out notice. Harvard Drug denies that it did anything wrong, and the Court has not decided who is right.

**Who is included?** The Court has decided that the Settlement Class includes:

All persons in the United States from April 30, 2009 to April 30, 2013 to whom Harvard Drug sent or caused to be sent a facsimile advertisement that promoted the commercial availability or quality of any property, goods, or services in the form of, or similar to, the document attached as Exhibit A to the Complaint. Excluded from the Class are: Defendant, any parent, subsidiary, affiliate, officers, directors and employees of Defendant, and members of the federal judiciary.

**What are the Settlement Terms?** A Settlement Fund of $415,500 has been established to pay valid claims, notice and claims administration, attorneys' fees, costs, potential *cy pres* award and incentive award.

**How can you get a payment?** To be eligible for a payment, you must sign and return a Claim Form on or before **[DATE]**. You can find a Claim Form at website **www.BarrTCPASettlement.com**. Subject to the terms of the Settlement Agreement, those who submit a Valid Claim Form may be entitled to no more than $500.00. You must fully complete and timely submit a claim to receive money from this Settlement. Only one claim is allowed per facsimile number. Any relief provided under this Settlement is subject to approval of the Court.

**Your other options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **[DATE]**. If you do not exclude yourself, you will remain a Class Member, will not be able to sue Harvard Drug for any of the claims released by the Settlement, and will be legally bound by the Settlement and its terms. If you do not exclude yourself, you may object to any aspect of the Settlement, but must do so by **[DATE]**. Additional Notice available on the website explains how to exclude yourself or object. You may also call the following toll-free number with any questions regarding the Settlement: [INPUT]

**Settlement Hearing** The Court will hold a Hearing on **[DATE] at the Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, Courtroom #4, West Palm Beach, Florida 33401** to consider whether to approve the Settlement and a request for attorneys' fees of up to $124,650 and an incentive payment of $2,000 to the Class Representative. If you file an objection and wish it to be considered, you or your attorney may, but need not, appear at this hearing. The Settlement hearing may be moved to a different date or time. Any changes to the date or time of the hearing will be posted at **www.BarrTCPASettlement.com**.

**Additional Information**. This Notice provides only a summary of the terms of the Settlement. A more detailed description of the Settlement is available at **www.BarrTCPASettlement.com**. You may also contact the Settlement Administrator, Garden City Group, at [INPUT NUMBER].

1251652.1

EXHIBIT "D"

**PROOF OF CLAIM**
**Scott Barr v. The Harvard Drug Group, LLC, d/b/a Expert-Med,**
**S.D. Fla. No. 0:13-cv-62019-KAM**

Fax Number:   <inserted by administrator>

*You Must Complete All **THREE** Steps to Claim a Share of the Settlement Fund (although completion of these steps is no guarantee of payment).*   This Claim Form must be submitted by [**DATE**]

1.      <u>**You Must Provide Your Contact Information**</u>

Name: _____

Legal Name of Company: _____

If Your Company Has a Tax ID Number, Write It Here: _____

Address: _____

City/State/Zip Code: _____

E-mail Address: _____

Phone Number: _____

Fax Number(s) that were yours or your company's from April 30, 2009 to

April 30, 2013: _____

2.      <u>**You Must Verify Ownership of the Fax Number(s) Listed in #1 Above:**</u>

By submitting this claim form, I certify that I received a fax from The Harvard Drug Group, LLC, d/b/a Expert-Med in the form of, or similar to, the document attached as Exhibit A to the Complaint from April 30, 2009 through April 30, 2013, and that the foregoing information supplied by the undersigned is true and correct.

_____
[Sign your name here]

3.      <u>**You Must Return this Claim Form by [DATE]:**</u>

Mail this Claim Form to: [Settlement Administrator Address and TFN] or send it via email to [Input Email Address] by the above date.

# EXHIBIT "E"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:13-cv-62019-KAM

SCOTT BARR, DDS, on behalf of himself and all
others similarly situated,

                                                    CLASS ACTION

            Plaintiff,

    v.

THE HARVARD DRUG GROUP, LLC, d/b/a
EXPERT-MED, a Michigan corporation,

            Defendant.
_____/

### [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

This matter comes before the Court on the Plaintiff Scott Barr DDS's Memorandum in Support of Final Approval of Class Action Settlement pursuant to Fed. R. Civ. P. 23(e). Based upon Plaintiff's counsel's certification in support of final approval and in support of their application for fees, the Court being fully advised of the terms of the proposed Settlement, HEREBY FINDS:

A.      The Plaintiff and Defendant have entered into a Settlement Agreement in this matter, which arose from allegations that the Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"). In its Complaint, Plaintiff alleged that Defendant, The Harvard Drug Group, LLC, d/b/a Expert-Med ("Defendant") transmitted advertisements by facsimile to Plaintiff and other similarly situated persons to promote Defendant's sale of property, goods or services. Plaintiff further alleged that Defendant did not obtain Plaintiff's prior express invitation or permission to send this fax advertisement and that

the subject fax did not contain certain disclosures that are required by the federal regulations that implement the TCPA. Defendant denied and continues to deny these allegations.

B.      A Settlement Agreement has been submitted to the Court for final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.  The Settlement Agreement was arrived at after extensive arm's length negotiations conducted in good faith between Class Counsel and Defendant's counsel, and involving an independent mediator.

C.      The total number of potential Class Members was originally estimated at 831.

D.      In accordance with the Court's Order granting preliminary approval of the Settlement (ECF No. __) ("Preliminary Approval Order"), the Settlement Administrator was provided a data file containing 831 facsimile telephone numbers and conducted a "reverse look-up" to identify the names and addresses of potential Class Members. Utilizing multiple sources for "reverse look-ups", the Settlement Administrator was able to obtain a name and address for [___] of the facsimile telephone numbers provided.

E.      Notice to the Settlement Class has been provided in accordance with this Court's Preliminary Approval Order.  On _____, in compliance with the Court's Order and Section 8.2.2 of the Settlement Agreement, the Settlement Administrator caused the sending of the Mailed Notice via first class U.S. Mail to the ____ putative Class Members that were identified as having a valid mailing address. There were __ Notices returned by USPS as undeliverable without a forwarding address. Additionally, Publication Notice was published on _____, and the Settlement Website was established on _____.  The Notice apprised the members of the Settlement Class of the nature of the Action and the Settlement, the relief provided by the Settlement, that Class Members shall release claims against the Released Parties, their rights to exclude themselves from the Settlement and/or object to the Settlement, the date, time and

location of the Final Approval Hearing, and the toll-free number and Settlement Website.  Full opportunity was afforded to Class Members to participate in the Final Approval Hearing.

F.　　__ Class Members objected to the Settlement.

G.　　__ Class Members have chosen to opt-out of the Settlement.

The Court being duly advised, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. <u>Definitions</u>.  For the purposes of this Final Approval Order and Judgment Entry (the "Final Approval Order"), unless indicated otherwise, all capitalized terms have the same meaning as used in the Settlement Agreement.

2. <u>Certification of Settlement Class</u>.  The Court finally certifies the Settlement Class for settlement purposes only defined as: All persons in the United States from April 30, 2009 to April 30, 2013 to whom The Harvard Drug Company, LLC d/b/a Expert-Med sent or caused to be sent a facsimile advertisement that promoted the commercial availability or quality of any property, goods, or services in the form of, or similar to, the document attached as Exhibit A to the Complaint. Excluded from the Class are: Defendant, any parent, subsidiary, affiliate, officers, directors, and employees of Defendant, and members of the federal judiciary.

3. <u>Designation of the Class Representative and Class Counsel</u>.  The Court finally designates Plaintiff Scott Barr, DDS as representative of the Settlement Class ("Class Representative"), and Seth Lehrman, Steven R. Jaffe, Mark S. Fistos, Gabriel F. Zambrano, Scott D. Owens, and Patrick Crotty, as Class Counsel.

4. <u>Notice</u>.  The Court finds that the distribution of the Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class,

and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

5. <u>Objections</u>. The Court finds that any Objections to the Settlement [IF ANY] do not establish that the Settlement is unfair, unreasonable, inadequate, or should otherwise not be approved, and are hereby overruled. Class Members who did not timely file and serve an Objection in accordance with the terms of the Settlement Agreement and Preliminary Approval Order are deemed to have waived any objection through any appeal, collateral attack, or otherwise.

6. <u>Final Approval</u>. The Court finds that the Settlement is fair, reasonable, and adequate, and finds as to the Settlement Class for purposes of settlement only that: (a) the members of the Settlement Class are so numerous as to make joinder of them impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual members of the Settlement Class; (c) the Class Representative's claims and the defenses asserted thereto are typical of the claims of the members of the Settlement Class and the defenses asserted thereto; (d) the Class Representative and Class Counsel have fairly and adequately protected the interests of the members of the Settlement Class throughout this Action; and (e) a class action is superior to all other available methods for fairly and efficiently resolving this Action. Accordingly, the Court finally approves the Settlement and certification of the Settlement Class for settlement purposes only, directing that the Parties implement it as follows:

A. The Parties are directed to implement the Settlement in accordance with its terms.

B.      Payment of $2,000 shall be made to Plaintiff Scott Barr, DDS, as Class Representative from the Settlement Fund. Payments to Class Members who submitted Valid Claim Forms shall be made on a *pro rata* basis, not to exceed $500.00, from the Settlement Fund.   Payment to Class Counsel for attorneys' fees and costs as awarded under this Final Approval Order shall be made from the Settlement Fund.  Payment(s) to any cy pres recipient(s), if applicable under the terms of the Settlement Agreement, shall be made from the Settlement Fund.

C.      Except as to any individual claim of those persons who have timely and effectively requested exclusion from the Settlement Class under the Settlement Agreement, the Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against Released Parties.  All Class Members are bound by this Final Approval Order and by the Final Judgment to be entered pursuant thereto.

D.      The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

E.      Upon the Final Judgment, the Class Representative and all Class Members who have not timely and effectively requested exclusion from the Class, shall be deemed to have and by operation of law shall have, fully, finally and forever released and discharged all Released Claims against all Released Parties, as defined in Section 14 of the Settlement Agreement.

F.      Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement, as may be modified by the Preliminary Approval Order or this Final Approval Order.

7. <u>Injunction</u>.  The Court bars and permanently enjoins Plaintiff and all Class Members from (a) filing, commencing, prosecuting, intervening in, promoting, or participating (as class

members or otherwise) in, any lawsuit in any jurisdiction based on or arising out of the Released

Claims, or the facts and circumstances relating thereto, in this Action and (b) organizing Class

Members into a separate class for purposes of pursuing as a purported class action any lawsuit

(including by seeking to amend a pending complaint to include class allegations, or seeking class

certification in a pending action) based on or relating to the Released Claims, or the facts and

circumstances relating thereto, in this Action.   Promptly after the Final Judgment, Class

Members shall dismiss with prejudice all claims, actions or proceedings that have been brought

by or involve any Class Member in any other jurisdiction that are released pursuant to the

Settlement Agreement.

8. <u>Defendant's Denial of Liability</u>.  The Court notes that the Defendant does not admit or

concede (but, to the contrary, expressly denies) any wrongdoing, liability or improper conduct of

any nature in connection with any facts or claims that have been, or could have been raised

against it by the Class Representative or to the Class Members for any matter whatsoever.

Without conceding any infirmity in their defenses, and while continuing to deny all allegations

of liability, Defendant considers it desirable that the Action be dismissed and that the claims

against Defendant be released, on the terms set forth herein, in order to avoid further expense,

dispose of burdensome and protracted litigation and put to rest all claims which have or could

have been asserted against Defendant arising from the acts, transactions, or occurrences alleged

in the Action.

9. <u>Jurisdiction</u>.  The Court finds that it has jurisdiction over the subject matter of the

Action, the Class Representative, the other Class Members, and Defendant. Without affecting the

finality of the Judgment, the Court retains exclusive and continuing jurisdiction and venue over

the Plaintiff, all Class Members, and Defendant, who are deemed to have submitted to the

exclusive jurisdiction of this Court, with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Settlement Agreement or this Final Approval Order.

10. <u>Attorneys' Fees</u>.   After reviewing Class Counsel's motion for attorney's fees in support of final approval, the Court awards to Class Counsel reasonable Attorney's Fees and costs in the total amount of $124,650.  The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining Defendant's agreement to make significant funds available to Class Members, subject to submission of valid claims by eligible Class Members; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendant's possible legal defenses and its experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Plaintiff, who has reviewed the Settlement Agreement and been informed of Class Counsel's fee request and has approved; and (f) the Notice informed Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Petition in time for Class Members to make a meaningful decision whether to object to the Class Counsel's fee request, and _____ Class Member objected.

11. <u>Timing of Payments or Consideration</u>.   No later than thirty (30) days after Final Judgment as defined by Section 12.3 of the Settlement Agreement, all payments required under Section 13 of the Settlement Agreement and this Final Approval Order, including payments to

Class Members that submitted Valid Claim Forms, payment of the attorneys' fees and costs to Class Counsel, and payment of an incentive award to the Class Representative, as approved under this Final Approval Order, shall be made by the Settlement Administrator.  Payments to any *cy pres* recipients as required under the Settlement Agreement, if any, shall be made at the appropriate time by the Settlement Administrator.  The Court hereby approves Legal Aid Service of Broward County, Inc. and Coast to Coast Legal Aid of South Florida, Inc. as cy pres recipients in the instant action.  All such payments shall be made from the Settlement Fund.

12. Entry of Judgment.  There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter Judgment forthwith. This Action is hereby dismissed with prejudice with each Party to bear their own costs except as otherwise ordered by the Court.  The terms of the Settlement Agreement, including Exhibits thereto, and of this Final Approval Order, shall be forever binding on, and shall have *res judicata* and preclusive effect in, any pending or future lawsuits maintained by Plaintiff and each Class Member, as well as their respective heirs, beneficiaries, administrators, successors, and assigns, asserting the claims subject to the Release set forth in the Settlement Agreement.  This Final Approval Order and the Settlement Agreement may be filed in any action asserting the claims subject to the Release set forth in the Settlement Agreement in order to support any defense or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.  In the event the Final Judgment, as defined in the Settlement Agreement, does not occur, this Final Approval Order shall be rendered automatically null and void and be vacated, and in such event, all orders and releases delivered in connection with the Settlement shall be null and void and automatically vacated.

ORDERED this ____ day of _____, 2016.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

Copies: Furnished to All Counsel of Record.

609334342.1